## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| HEIDI PANELLI,<br>D/B/A "PANELLI DESIGN," | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: _____ |
| v. | ) ) ) ) | **VERIFIED COMPLAINT<br>AND<br>JURY TRIAL DEMAND** |
| ECS FINANCIAL SERVICES, INC.,<br>BEACON FUNDING CORPORATION,<br>BRETT GIZA,<br>SAMUEL N. OLIVA,<br>AND OTHER DEFENDANTS<br>KNOWN AND UNKNOWN, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### Introduction

1.      This is an action for copyright infringement, unfair competition, and trademark and trade dress infringement arising from Defendants' marketing, distribution, offering for sale, and sales of products that directly infringe Plaintiff's intellectual property rights and contribute to other infringement. Plaintiff seeks injunctive relief and damages.

### The Parties

2.      Plaintiff Heidi Panelli ("Panelli") is an artist and designer. Panelli sells her original works of art and designs on apparel and gift items in her BusyBodies Collection through Panelli Designs, based in Fridley, Minnesota, and online at www.ibusybodies.com. Panelli offers for sale over 10,000 unique gift items, featuring more than 240 of Panelli's distinctive

1

designs and artwork, with original characters engaged in a wide range of occupations, hobbies, sports, and activities.

3.     Upon information and belief, Defendants operate through the website EmbroideryDesigns.com, and companies ECS Financial Services, Inc., an Illinois corporation; Beacon Funding Corporation, an Illinois corporation; Brett Giza, an individual; and Samuel N. Oliva, an individual (collectively and individually, "Defendant"). The companies are located at the same address, 3400 Dundee Road, Suite 180, Northbrook, Illinois 60062. Defendants conduct business in Minnesota through its equipment leasing division, Beacon Funding Corporation, with an office at 36349 County Road 14 NE, Miltona, Minnesota 56354.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action, based on federal copyright laws, trademark laws, and unfair competition, under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendants, who conduct substantial business in Minnesota.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## Factual Background

### Panelli's Products and Intellectual Property

6.     Panelli has designed a collection of original works of visual art (the "Works") printed on apparel and other gift items, which she sells under the distinctive BusyBodies trademark and trade dress (the "BusyBodies Products").

7.     The Works are copyrightable subject matter under the United States Copyright Act.

8.     Panelli is the sole author of the Works.

9.    The Works featured on the BusyBodies Products original designs are "stick figure" characters engaged in a variety of occupations, hobbies, sports, and activities, as well as holiday, birthday, wedding, new baby, and special occasion themed designs, each with a statement such as "I Fight" (firefighter), "I Hike" (hiker), "I Clown" (clown), "I Defend" (lawyer), "I Paddle" (kayaker), etc. A copy of Panelli's Works is hereto attached as "Exhibit 1."

10.   The BusyBodies Products feature Panelli's Works and incorporate the BusyBodies trademarks and distinctive trade dress, which indicate the source of the Products, including original design, stylistic elements, overall look and feel, and repeated phrases.

11.   In 1999, Panelli first created the Works and started using the BusyBodies trademarks and trade in connection with sales of the BusyBodies Products to the public. Panelli has continued to add new Works to the collection of BusyBodies Products every year since its debut.

12.   Panelli started to sell the Works online in 2003.

13.   All of Panelli's Works have always contained proper copyright notice.

14.   Panelli's copyright registration file numbers for the collection and selected individual Works are 1-2ZLBIB, 1-2YSYCW, 1-2YSYB3, 1-2YSYA5, 1-2YNF0B, 1-2YM1DH, 1-2YM1AT, 1-2YHPIL, and 1-2YHPF5.

15.   Panelli's BusyBodies Products are widely available for sale to the public through her online store and other outlets. She has sold BusyBodies Products to customers in all 50 U.S. states, and internationally, including to customers in Australia, Canada, China, Egypt, France, Great Britain, Hong Kong, Ireland, Japan, Netherlands, Norway, Singapore, Slovenia, Taiwan, and Turkey.

## Count I

### Copyright Infringement

16.     Through its website EmbroideryDesigns.com, Defendant sells designs for commercial and home machine embroidery on t-shirts, apparel, and related items. Through EmbroideryDesigns.com and its affiliate Beacon Funding Corporation, Defendant leases embroidery equipment to customers.

17.     Defendant offers and sells designs that are substantially similar to Panelli's Works.

18.     Panelli has identified at least 280 embroidery designs ("Infringing Works") that are substantially similar to the Works featured on Panelli's BusyBodies Products, and in many cases, near identical copies of Panelli's Works in appearance, style, and concept. The similarity between the Infringing Works and Panelli's Works is so great that it could only be the result of copying. A selection of Defendant's Infringing Works as compared to Panelli's Works is featured on "Exhibit 2," hereto attached.

19.     At no time has Panelli authorized Defendant to market, promote, display, offer for sale, or sell any of the Infringing Works.

20.     Not only has Defendant unlawfully copied Panelli's Works, Defendant has passed Panelli's Works off as its own by using a false claim of copyright registration on its website.

21.     In early 2009, Panelli first discovered Defendant's infringement of her Works and BusyBodies Products.

4

22. Panelli sent a series of letters to Defendant regarding several of its Infringing Works, which are near identical copies of Panelli's Works titled, "I Drool." A copy of these Infringing Works compared to Panelli's Works is attached hereto as "Exhibit 3."

23. Defendant responded to one of Panelli's letters with a single email on February 23, 2009, in which Defendant agreed to remove the display of the Infringing Designs that Panelli identified from its website. A copy of Defendant's email is attached hereto as "Exhibit 4."

24. Defendant removed the display of some of the Infringing Works from its website, but Defendant did not take its products bearing the Infringing Works out of the chain of distribution.

25. Defendant continues to display, offer for sale, and sell numerous, additional unlawful copies of Panelli's other Works.

26. In March 2009, Panelli checked Defendant's website, EmbroideryDesigns.com, and discovered an even greater number of infringements than the nine Infringing Works that were the subject of Panelli's February 19, 2009 letters. Not only was the infringement continuing, it had grown to over 280 instances of infringements.

27. Panelli again notified Defendant of its infringement of her BusyBodies Products on April 13, 2009, providing representative examples of the infringement of eight of Panelli's Works as compared to a selection of Defendant's Infringing Works. A copy of the letter and its exhibit is attached hereto as "Exhibit 5."

28. Despite Panelli's demands, Defendant has refused to cease its ongoing infringement or provide an accounting of the infringement to Panelli.

29. Sales continued to be made by Defendant of the Infringing Works and products bearing the Infringing Works as recently as the week of May 4, 2009.

5

30.  In addition to the 280 Infringing Works Identified on Exhibit 2, Defendant has engaged in further infringing activity through its "Jane and Joe" line.

31.  As a result of the ongoing willful and knowing infringement of her BusyBodies Products, Panelli has suffered and will continue to suffer irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation, loss of sales and profits, and economic damage in an amount to be proven at trial.

## Count II

### Trademark/Trade Dress Infringement

32.  Panelli realleges and incorporates herein by reference the above Paragraphs.

33.  Panelli's BusyBodies Products incorporate distinctive trademarks and trade dress that indicate the source of the Products, including distinctive design, stylistic elements, overall look and feel of the Products and marketing materials, and repeated phrases as captions to the designs ("I Hike," "I Defend," etc.). These elements present an overall visual image that is presented to consumers to identify the origin of the BusyBodies Products.

34.  Defendant has infringed Panelli's trademarks and trade dress by copying the distinctive look and feel of the BusyBodies Products in its Infringing Works in such a way that is likely to cause confusion to consumers as to the source of the similar goods.

35.  Defendant's "Jane and Joe" line is confusingly similar to, and incorporates the substantial elements of marks, trade dress, and overall look and feel of, Panelli's BusyBodies Products and Works.

36.  Defendant's acts constitute willful and knowing infringement of Panelli's trademarks and trade dress in violation of Section 43(a) of the Lanham Act.

6

37.   Panelli's business, reputation, and goodwill have been irreparably damaged by Defendant's infringement of Panelli's trademarks and trade dress.

## Count III

### Unfair Competition

38.   Panelli realleges and incorporates herein by reference the above Paragraphs.

39.   Defendant's conduct constitutes unfair competition in violation of Panelli's rights.

40.   Defendant knew, or should have known, that the acquisition, marketing, promotion, offering for sale, and placing upon the market of the Infringing Works, which are the direct copies of, or largely copied from, the BusyBodies Products, would harm Panelli.

41.   As a direct and proximate result of the unfair competition in which Defendant has engaged, Panelli has suffered, and will continue to suffer, irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation and goodwill, and loss of profits.

42.   Defendant's actions were taken in willful, deliberate, and/or intentional disregard of Panelli's rights.

## Count IV

### Minnesota Uniform Deceptive Trade Practices Act

43.   Panelli realleges and incorporates herein by reference the above Paragraphs.

44.   Defendant has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44 due to its infringement of Panelli's BusyBodies Products, including the Works, trademarks, and trade dress, which causes the likelihood of confusion or of misunderstanding as

7

to the source, sponsorship, or approval of the Infringing Works, and causes the likelihood of confusion as to the affiliation, connection, or association with Panelli's BusyBodies Products.

45.   As a direct and proximate result of the confusion created by Defendant's conduct, Panelli has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

46.   Pursuant to Minn. Stat. § 325D.45, due to Defendant's knowing and willful infringement, Panelli is also entitled to recover her costs and attorney fees.

## Count V

### Minnesota Unlawful Trade Practices Act

47.   Panelli realleges and incorporates herein by reference the above Paragraphs.

48.   Defendant has engaged in unlawful trade practices in violation of Minn. Stat. § 325D.09 by engaging in conduct that misleads consumers as to the quality and origin of the merchandise offered for sale.

49.   As a direct and proximate result of the confusion created by Defendant's conduct, Panelli has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

50.   Pursuant to Minn. Stat. §§ 325D.15 and 8.31, subd. 3a, Panelli is entitled to injunctive relief and entitled to recover her costs, disbursements, and attorney fees.

### Count VI

### Illinois Uniform Deceptive Trade Practices Act

51.     Panelli realleges and incorporates herein by reference the above Paragraphs.

52.     Defendant has engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/1 *et seq.* due to its infringement of Panelli's BusyBodies Products, including the Works and trademarks/trade dress, which causes the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of the Infringing Works, and causes the likelihood of confusion as to the affiliation, connection, or association with Panelli's BusyBodies Products.

53.     As a direct and proximate result of the confusion created by Defendant's conduct, Panelli has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

54.     Pursuant to 815 Ill. Comp. Stat. 510/3, due to Defendant's knowing and willful infringement, Panelli is also entitled to recover her costs and attorney fees.

WHEREFORE, Plaintiff requests the following relief:

1.     For a preliminary and permanent injunction enjoining Defendant and all persons acting in concert with it from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale, and/or selling any materials that are substantially similar to Panelli's BusyBodies Products and Works, and to deliver to Panelli for destruction or other disposition all such materials and means for producing same in Defendant's possession or control.

2.     For an accounting and award of actual damages and Defendant's profits, or statutory damages, in an amount to be determined at trial, plus interest.

3.    For Panelli's reasonable attorney fees and costs as permitted by law.

4.    For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

Date:  May 15, 2009.                         BEST & FLANAGAN LLP


By_____
Edward P. Sheu (#312885)
Kristin L. Petersen (#389258)
225 South Sixth Street, Suite 4000
Minneapolis, MN 55402
(612) 339-7121
esheu@bestlaw.com
kpetersen@bestlaw.com
*ATTORNEYS FOR PLAINTIFF*

10

## VERIFICATION

I, Heidi Panelli, state that I am the Plaintiff in the above entitled action. I verify that the statements in the above Complaint are true and correct to the best of my knowledge.

_____
Heidi Panelli

In my presence on __5/15_____, 2009, Heidi Panelli acknowledged her signature on this document.

_____
Notary Public

BRENDA ANN DURATH
Notary Public
Minnesota
My Comm. Expires Jan 31, 2011

019190/290001/1077093_2

11